# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| **SEN TRINH** | : |
| | : |
| **v.** | :   **CIVIL ACTION NO. 10-2960** |
| | : |
| **MICHAEL ASTRUE,** | : |
| **Commissioner of the Social Security** | : |
| **Administration** | : |

## <u>ORDER</u>

Plaintiff, Sen Trinh, filed this action requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which affirmed the decision of the Administrative Law Judge ("ALJ") and denied Plaintiff's claim for benefits under the Social Security Disability Insurance program.  This Court referred the case to United States Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation ("R&R").  Magistrate Judge Wells recommended that the Commissioner's decision be affirmed.  Plaintiff has filed objections to the R&R, to which the Commissioner has responded.

A district court reviewing a decision of the Commissioner must base its decision on the record of the administrative proceedings and the pleadings of the parties.[1]  The court's review of legal issues is plenary, but its factual review is limited.[2]  The court must determine whether the record contains substantial evidence to support the ALJ's factual findings, and whether the Commissioner applied the proper legal standards in making its decision.[3]  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] 42 U.S.C. § 405(g).

[2] <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d Cir. 1999).

[3] <u>See</u> <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001).

conclusion."[4]  The amount required is more than a mere scintilla, but less than a preponderance of the evidence.[5]  If the ALJ's factual findings were determined according to the correct legal standards and are supported by substantial evidence, the court is bound by them, "even if [it] would have decided the factual inquiry differently."[6]

In considering whether to approve the report and recommendation of a magistrate judge, a district court must review *de novo* those portions of the report and recommendation to which a party has objected.[7]  The court may in its discretion "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[8]

Plaintiff in this case applied for benefits immediately upon receiving a diagnosis of cervical cancer.[9]  There is no dispute that the treatment for the cancer was successful.[10]  The question is whether the treatment caused ongoing debilitating fatigue that would prevent Plaintiff from working.  The ALJ determined that Plaintiff's complaints of fatigue were entitled to some credence, but that Plaintiff's claim of disabling fatigue was not supported by the record.[11]  Plaintiff argues that the ALJ's written determination does not support this finding, and that the

---

[4] Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995).

[5] See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

[6] Fargnoli, 247 F.3d at 38.

[7] 28 U.S.C. § 636(b)(1)(c).

[8] Id.

[9] R. at 18.

[10] R. at 16.

[11] R. at 17-18.

Magistrate Judge improperly substituted her own review of the medical evidence, instead of evaluating the reasons stated by the ALJ, in particular with regard to the evidence of Plaintiff's radiation oncologist, Dr. Komarnicky-Kocher, and the physician who treated the cancer, Dr. King, and that the ALJ failed to state explicit reasons for accepting or rejecting the testimony of Plaintiff's daughter.

*First Objection: The Magistrate Judge Wrongly Affirmed the ALJ's Credibility Determination upon a Rationale Not Employed by the ALJ*

Plaintiff is correct that "'[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.'"[12]  Plaintiff is incorrect, however, in arguing that the Magistrate Judge failed to examine the ALJ's analysis of the medical evidence.  The ALJ discussed radiation oncologist Dr. Komarnicky-Kocher's treatment notes, and later interrogatory responses, finding that the notes stated that Plaintiff had "no complaints whatsoever," and that in an interrogatory response of December 31, 2007, the doctor "stated that some patients complain of fatigue as a result of treatment [and that] those complaints usually would be noted by other doctors."[13]  The ALJ also noted that a follow-up interrogatory on January 4, 2008, elicited a response from Dr. Komarnicky-Kocher that she "did recall complaints of fatigue and low energy by this patient."[14]  The Magistrate Judge characterized the ALJ's discussion of the December 31, 2007 interrogatory response as the doctor indicating "that she did not recall any of Plaintiff's complaints of fatigue after or during her treatment."[15]  Although the

---

[12] Fargnoli, 247 F.3d at 44, n. 7 (quoting SEC v. Chenery Corp., 318 U.S. 80, 87 (1943)).

[13] R. at 17.

[14] R. at 17.

[15] R&R at 10.

ALJ did not use the word "recall" with regard to the December 31, 2007 response, it is uncontested that Dr. Komarnicky-Kocher at that time did not state that Plaintiff had complained of fatigue, but instead stated that any such complaints usually would be noted by Plaintiff's gynecological oncologist.[16]   Thus, even if the Magistrate Judge inaccurately characterized the ALJ's description of Dr. Komarnicky-Kocher's interrogatory response, the Magistrate Judge's characterization of the treatment notes and the earlier interrogatory response as "conflicting" with the January 4, 2007 response[17] reflects the substance of the ALJ's analysis and the Magistrate Judge properly found that this analysis was supported by the record.

Plaintiff also objects to the Magistrate Judge noting that Dr. King, who treated Plaintiff's cervical cancer, did not mention fatigue in her treatment note or on a medical form, because the ALJ did not rely on that fact.[18]   However, although the ALJ did not explicitly cite specific portions of Dr. King's report, she did note that Plaintiff's response to Dr. King's treatment was excellent.[19] The objection will be overruled on this point.

*Second Objection: The Magistrate Judge Wrongly Found to be Harmless the ALJ's Failure to Properly Assess the Credibility of a Witness*

The ALJ discussed, but not did not explicitly make a credibility finding with regard to, the testimony of Plaintiff's daughter, Ms. Hunyh.  The Magistrate Judge concluded that the ALJ erred

---

[16] R. at 323.

[17] R&R at 11.

[18] R&R at 11.

[19] R&R at 16 (citing Ex. 4F, which includes all of the evidence referred to by the Magistrate Judge). The ALJ summarized all of the relevant medical evidence in rejecting Plaintiff's claim of debilitating fatigue.  R. at 17-18 ("The record establishes that 'fatigue' can be a result of cancer treatment and that one of claimant's doctors recalls that she had complained of fatigue.  Fatigue is a nonspecific symptom, and hard to quantify.  The claimant may experience a degree of fatigue, but not so much as to interfere with significant daily activities . . . .").

by not explicitly assessing the credibility of Ms. Hunyh but that the failure to do so was harmless error.[20] Plaintiff argues that the ALJ rejected Plaintiff's testimony because it was inconsistent with her daughter's testimony, and that the ALJ therefore was required to explicitly explain which parts of the daughter's testimony were accepted or rejected.[21]  Plaintiff attempts to place too strict a burden on the ALJ.

The ALJ is required to state the reasons for finding a witness's testimony not credible,[22] and it is error for the ALJ to fail to address the credibility of witnesses whose testimony was offered for the purpose of bolstering the credibility of the claimant.[23]  In this case, the ALJ discussed the testimony of both Plaintiff and her daughter.[24]  The ALJ noted both the discrepancies between their testimony (for example, where Plaintiff lives, and whether Plaintiff gave a newsstand business to her nephew when she became ill or sold it to the nephew), and the consistencies (for example, Plaintiff's daily two-hour exercise routine and her lack of energy).[25] Considering the testimony of both witnesses, as well as the medical evidence, the ALJ concluded that Plaintiff's "medically determinable impairment could reasonably be expected to produce some of the alleged symptoms, but that the claimant's statements concerning the intensity,

---

[20] R&R at 14.

[21] Pl.'s Objections at 4.

[22] Van Horn v. Schweiker, 717 F.2d 871, 873-74 (3d Cir. 1983) ("While the ALJ is empowered to evaluate the credibility of witnesses, we would expect him at least to state that he found a witness not credible before wholly disregarding his testimony. Indeed, if this ALJ did in fact find Van Horn and all of his witnesses devoid of credibility, we cannot understand why he would not have stated some reason for that conclusion.") (citations omitted).

[23] Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).

[24] R. at 15-16.

[25] R. at 18.

persistence and limiting effects of these symptoms are not entirely credible."[26]  Because the ALJ unquestionably considered the testimony of Plaintiff's daughter in reaching this determination, which is supported by substantial evidence, the objection is overruled.

**AND NOW**, this 16th day of October 2012, after careful review and consideration of Plaintiff's request for review, Defendant's response, and the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, and the objections and response thereto, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket;

2. Plaintiff's Objections are **OVERRULED**;

3. The Report and Recommendation is **APPROVED** and **ADOPTED**; and

4. The decision of the Commissioner is **AFFIRMED**.

It is so **ORDERED**.

BY THE COURT:

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

[26] R. at 16.